**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **FNU NAVDEEP,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-829-KC** |
| | § | |
| **WARDEN ERO EL PASO CAMP** | § | |
| **EAST MONTANA DETENTION** | § | |
| **CENTER et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On March 25, 2025, Petitioner FNU Navdeep filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that he is unlawfully held in immigration custody. On March 27, the Court dismissed all but one of Navdeep's claims, only leaving Navdeep's claim that his detention pursuant to a warrantless arrest is unlawful under the *Accardi* doctrine. Mar. 27, 2026, Order 4, ECF No. 2. The Court thus ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted as to Navdeep's *Accardi* doctrine claim. *Id.*

On April 2, 2026, Respondents filed a Response, ECF No. 3, arguing that the Court should deny the Petition because Respondents complied with their own regulations in arresting Navdeep without a warrant. *Id.* at 2. And, regardless, because "habeas is not a vehicle to redress defects in an initial arrest, but rather to determine whether the petitioner may lawfully remain in custody." *Id.* at 3. Respondents thus argue that because Navdeep was provided with a bond hearing and there is no indication that his allegedly unlawful arrest deprived him of a fair bond hearing, habeas relief is not warranted. *Id.*

Accordingly, the Court **ORDERS** that Navdeep shall **FILE** a reply to Respondents' Response, **by no later than April 14, 2026**, with citation to authority, addressing Respondents' arguments.

**SO ORDERED**.

**SIGNED this 7th day of April, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2