**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **FNU NAVDEEP,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-829-KC** |
| | § | |
| **WARDEN ERO EL PASO CAMP** | § | |
| **EAST MONTANA DETENTION** | § | |
| **CENTER et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

On this day, the Court considered the case. On March 25, 2025, Petitioner FNU Navdeep filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, alleging that he is unlawfully held in immigration custody. On March 27, the Court dismissed all but one of Navdeep's claims for lack of jurisdiction as they challenged his continued detention pursuant to an Immigration Judge's ("IJ's") decision to deny bond based on flight risk. Mar. 27, 2026, Order 3–4, ECF No. 2. This left Navdeep's claim under the *Accardi* doctrine, which challenged his detention pursuant to a warrantless arrest. *Id.* at 4. The Court thus ordered Respondents to show cause why the application for a writ of habeas corpus should not be granted as to Navdeep's *Accardi* doctrine claim. *Id.*

On April 2, 2026, Respondents filed a Response, ECF No. 3, arguing that the Court should deny the Petition because Respondents complied with their own regulations in arresting Navdeep without a warrant. *Id.* at 2. And, regardless, because "habeas is not a vehicle to redress defects in an initial arrest, but rather to determine whether the petitioner may lawfully remain in custody." *Id.* at 3 (citing *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923)).

Respondents thus argue that because Navdeep was provided with a bond hearing and there is no indication that his allegedly unlawful arrest deprived him of a fair bond hearing, habeas relief is not warranted. *Id.* (first citing *Bilokumsky*, 263 U.S. at 158; and then citing *Abraham v. Wainwright*, 407 F.2d 826, 828 (5th Cir. 1969)).

The Court ordered Navdeep to file a reply to Respondents' Response with citation to authority addressing Respondents' arguments. Apr. 7, 2026, Order 2, ECF No. 4. Navdeep has now filed a Reply, ECF No. 5. He argues that Respondents did not comply with their regulations because they have not pointed to any specific, contemporaneous facts at the time of his arrest that gave rise to a reasonable belief that he was likely to escape before a warrant could be obtained. *See id.* at 3–4. Navdeep thus argues that because "the only asserted basis for custody arises from an arrest conducted in violation of binding regulations, the resulting detention cannot be sustained." *Id.* at 6. He does not, however, provide any authority to support this contention.[1] *See generally id.*

And to the contrary, the Supreme Court has ruled that "[t]he 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (citations omitted). Thus, "[t]he mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." *Id.* at 1040 (citation omitted). And where detention is pursuant to that deportation proceeding,

---

[1] Navdeep does cite to a 2019 Southern District of New York decision, which he states addresses the requirements for compliance with 8 C.F.R. § 287.8(c)(2), the regulation governing immigration arrests. *See* Reply 6. However, the Westlaw citation provided for the cited decision is for a 2019 Eastern District of Pennsylvania decision addressing attorneys' fees in an employment discrimination case, not warrantless immigration arrests. *See Pierce v. City of Philadelphia*, No. 17-cv-5539, 2019 WL 3536955 (E.D. Pa. Aug. 2, 2019). The Court was unable to identify the cited decision. Regardless, the fact that courts have identified requirements for compliance with § 287.8(c)(2) does not support Navdeep's position that detention resulting from an arrest made in violation of those requirements "cannot be sustained." *See* Reply 6.

habeas relief is unavailable to remedy the illegal arrest. *See Carnesolta v. Tate*, No. 26-cv-1006, 2026 WL 948727, at *3–4 (S.D. Tex. Apr. 8, 2026) (finding habeas relief unavailable to remedy warrantless arrest because "an illegal *arrest* has no bearing on the legality of detention *following* that arrest") (emphasis in original)); *see also Rodriguez v. Olson*, 814 F. Supp. 3d 945, 955 (N.D. Ill. 2026) ("'[O]nce deportation proceedings have begun[,] the legality of the alien's detention' based on the absence of a warrant 'can no longer be tested by way of a habeas corpus proceeding.'" (quoting *Arias v. Rogers*, 676 F.2d 1139, 1143–44 (7th Cir. 1982)); *Garcia Baltierrez v. Mullin*, No. 26-cv-1076, 2026 WL 1020514, at *2 (W.D. Mich. Apr. 15, 2026) (finding habeas petitioner not entitled to relief on basis of warrantless arrest because deportation proceedings were initiated); *Ramirez-Mendez v. Olson*, No. 26-cv-17, 2026 WL 907576, at *2 (E.D. Ky. Apr. 2, 2026) (same); *Rodrigues De Oliveira v. Joyce*, No. 25-cv-291, 2025 WL 1826118, at *4 (D. Me. July 2, 2025) (finding the "[p]etitioner's argument that an illegal arrest automatically results in an illegal detention [] misguided"); *H.N. v. Warden, Stewart Det. Ctr.*, No. 21-cv-59, 2021 WL 4203232, at *5 (M.D. Ga. Sept. 15, 2021) ("[E]ven if the Court accepted Petitioner's argument that his initial detention was somehow unlawful, he is still not entitled to habeas relief.").

Navdeep does not contest that he is properly subject to removal proceedings and that, after his warrantless arrest, he was issued a Notice to Appear charging him as removable under 8 U.S.C. § 1227(a)(1)(C)(i), which initiated removal proceedings. *See* Resp. Ex. A ("Notice to Appear"), ECF No. 3-1; *see generally* Reply. Nor that Respondents have authority to detain him pursuant to those removal proceedings under 8 U.S.C. § 1226(a) and the Immigration Judge's bond denial. *See generally* Reply. Instead, he argues that Respondents' failure to comply with 8 C.F.R. § 287.8(c) by itself invalidates Respondents' detention authority and requires his release.

3

*See* Reply 6.  But he cites no cases where habeas relief was granted to remedy an arrest made in violation of 8 C.F.R. § 287.8(c).  *See generally id.*  And the only case that this Court has found where habeas relief was granted on those grounds, was also granted on alternative statutory and procedural due process grounds.  *See A.B.D. v. Wamsley*, No. 25-cv-2014, 2026 WL 178306, at *8–13 (D. Or. Jan. 22, 2026).  And the court there did not mention, much less account for, the longstanding Supreme Court authority that release from custody is not the appropriate remedy for an unlawful arrest.  *See generally id.*  In contrast, at least two courts in the Fifth Circuit have specifically rejected *Accardi* doctrine claims based on violations of § 287.8(c) brought in habeas proceedings.  *See Chi v. Warden, Bluebonnet Det. Facility*, No. 26-cv-67, 2026 WL 1062625, at *6 (N.D. Tex. Apr. 13, 2026) (holding *Accardi* doctrine claim based on violation of § 287.8(c) not cognizable in habeas); *Carnesolta*, 2026 WL 948727, at *3–4 (same).[2]

In sum, despite Navdeep's contrary characterization, his *Accardi* doctrine claim is a challenge to his warrantless arrest, not his detention pursuant to his pending removal proceedings and the IJ's custody determination.  Although Respondents may very well have arrested Navdeep without a warrant in violation of their regulations and Navdeep "may be able to pursue 'alternative remedies,'" "relief on *habeas corpus* is 'at its core a remedy for unlawful executive detention.'"  *Carnesolta*, 2026 WL 948727, at *4 (citations omitted).  Therefore, Navdeep's *Accardi* doctrine claim for warrantless arrest is dismissed.

Having already dismissed the rest of Navdeep's claims, the Court **ORDERS** that the Petition, ECF No. 1, is **DISMISSED**.

---

[2] The *Chi* and *Carnesolta* courts separately found that the petitioners' detention without an individualized custody determination was lawful under the Due Process Clause.  *See Chi*, 2026 WL 1062625, at *3–4; *Carnesolta*, 2026 WL 948727, at *1–2.  While the Court respectfully disagrees with that holding, *see Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex. 2025), it finds the *Chi* and *Carnesolta* courts' reasoning regarding the availability of habeas relief for § 287.8(c) violations persuasive and independent of their procedural due process holdings.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 23rd day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE